IN THE UNITED DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **CURTIS MCNEIL** § § | |
| **Plaintiff,** § § | |
| v. § § | **CIVIL ACTION NO.** |
| § § | _____ |
| **MOUNTAIN BROOK CLUB,** § § | **JURY DEMAND** |
| **Defendant.** § § § § | |

## COMPLAINT

Comes Now the Plaintiff, Curtis McNeil, by and through his undersigned counsel, and states the following:

**I.   INTRODUCTION**

1. Defendant Mountain Brook Club operates a restaurant as part of its facilities in the Birmingham Metro Area.

2. This restaurant competes with other commercial enterprises in that members and their guests have a choice between dining at Defendant's restaurant or any one of the other for-profit restaurants offering fine dining in the area.

3. Plaintiff Curtis McNeil worked as a server in Defendant's restaurant during the three (3) year period preceding the filing of this lawsuit.

1

4. Defendant has a common pay policy under which Plaintiff worked where he was illegally paid $2.85 per hour for substantial non-tipped work, as well as improper overtime compensation for hours worked in excess of forty (40) in a week.

5. Furthermore, Plaintiff was forced to participate in an invalid tip pool, and as a result Defendant was not entitled to compensate Plaintiff at sub-minimum wage rates.

## II. JURISDICTION AND VENUE

6. The FLSA authorizes court actions by private parties to recover damages for violation of the FLSA's wage and hour provisions. The Court has subject matter jurisdiction over Plaintiff's FLSA claims based upon 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331-37.

7. Venue in this district is proper pursuant to 28 U.S.C. § 1391 (b) – (d) because Defendant resides in this district, operates in this district, and its contacts with this district are greater than it has with any other district in the state.

## III. PARTIES

8. Defendant maintains its principal place of business and registered agent, Lindsay Smith, at 19 Beachwood Rd., Mountain Brook, AL 35213.

9. At all relevant times Plaintiff McNeil was a resident of and domiciled in the Birmingham metro area.

## IV. FACTUAL ALLEGATIONS

10. This action is brought pursuant to the FLSA, 29 U.S.C. '201 *et seq*. for equitable and declaratory relief and to remedy violations of the wage provisions of the FLSA by Defendant.

11. This action is brought to recover unpaid compensation in the form of unpaid minimum wages and overtime compensation.

12. For up to three years prior to the filing of this Complaint, Defendant has had a uniform policy and practice of failing to pay servers, including Plaintiff, overtime at appropriate overtime rates for hours worked in excess of 40 in a week. In fact, Defendant paid Plaintiff no additional compensation for weeks in which he worked in excess of 40 hours.

13. For up to three years prior to the filing of this Complaint, Defendant has had a uniform policy and practice of requiring employees to participate in an invalid tip sharing arrangement, where Plaintiff and others were required to share a portion of their tips with non-tipped, salaried paid, supervisory employees.

14. This tip sharing arrangement was and is illegal because otherwise non-tipped employees shared in tip pools, at their own discretion, based on the number of patrons at Defendant's facility and not based on whether they actually performed activities wherein they expected tips or the customers expected them to receive any gratuity.

15. For example, the *maitre d* does not customarily receive tips, he has supervisory responsibilities as to the servers, and as such he earns a salary of roughly $50,000 annually. However, at his sole discretion, he will require tipped employees to pool their tips and he then takes a cut off the top of that tip pool.

16. Lastly, for up to three years prior to the filing of this Complaint, Defendant has had a uniform policy and practice of failing to pay appropriate minimum wages for <u>substantial non-tipped</u> work that it required its servers and Plaintiff to perform before receiving their first customers and after their last customer departed.

## OVERTIME VIOLATIONS

17. Plaintiff was not paid overtime at the rate of time and one-half the minimum wage ($7.25) for all hours worked in excess of 40 in a week.

18. Plaintiff and was required to clock in and out each day via Defendant's computer system for purposes of tracking each server's hours worked during a shift, revenues/sales during a shift, and to facilitate the input of orders and generate customers' bills during the shift.

19. Plaintiff worked at least 42.5 hours each week and during the holidays, events, special occasions and special events, he worked an even greater number of hours in excess of 40 hours in a week.

20. Defendant paid Plaintiff the sub-minimum wage rate of $2.85 per hour

for all hours worked forty or less in a week, regardless of whether the server was engaged in tipped work after the arrival of his or her first customer, and for non-tipped work in which no customers were present, including time in which servers were waiting to be engaged in work.

21. Plaintiff was paid similarly for all hours worked in excess of 40 hours.

22. Accordingly, Plaintiff and others similarly situated were denied proper overtime compensation.

## INVALID TIP SHARING ARRANGEMENT

23. As stated above, Defendant also required Plaintiff to participate in an invalid tip sharing arrangement.

24. At no time did Defendant provide Plaintiff sufficient notice under § 203(m) as to Defendant's claim to a tip credit and his method of compensation. Absent such a notice, Defendant is not entitled to pay sub-minimum wages to Plaintiff.

25. Under the FLSA, an employer may pay a sub-minimum wage rate of less than $7.25 per hour, but only if the servers receive proper notice and they retain all of their tips, with the exception of tips redistributed via a valid tip sharing arrangement.

26. A valid tip sharing arrangement is one where tips are shared among employees who customarily and regularly receive tips." 29 U.S.C. § 203(m).

5

27. Defendant's requirement that Plaintiff share his tips with non-tipped and supervisory staff invalidates the tip sharing arrangement because they do not meet the definition of a customarily and regularly tipped employee, they are paid a salary, they have *de minimis* interaction with the customers, they do not take customers' orders, they should have no expectation of receiving a tip directly from customers, and the customers likely do not intend to tip them.

28. Based on the forgoing, Defendant owes Plaintiff the difference between the sub-minimum wage it paid and $7.25 per hour for each and every hour worked during the three year period preceding the filing of this lawsuit.

## SERVERS PERFORMING NON-TIPPED WORK

29. Defendant also violated the minimum wage requirements of the FLSA by paying sub-minimum wages, less than $7.25 per hour, for substantial non-tipped work it required Plaintiff to perform.

30. Defendant performs non-tipped work, or is engaged waiting to perform non-tipped work, for up to three hours a day.

31. Plaintiff spends 1 – 1.5 hours performing work for Defendant prior to the arrival of his first customer and another 1 – 1.5 hours performing work for Defendant after his last customer of the day departs. Accordingly, all time engaged in work at the beginning or end of the day outside the presence of customers assigned to his tables, was non-tipped as Plaintiff was not engaged in

servicing his customers and unable to earn tips.

32. As a result, Plaintiff spent 23% to 35% of his time each day engaged in substantial non-tipped work and more than 20% of his time on a weekly basis engaged in non-tipped work.

33. Defendant's timeclock records evidence this "pre-shift" and "post-shift" work.

34. Federal courts in the Middle and Southern Districts of Alabama have held that FLSA minimum wage claims for substantial non-tipped work are valid. *White, et al. v. The NIF Corp.*, 1:15-cv-00322-WS-N, Doc. 81, Order Granting Motion for Partial SMJ (S.D. Ala., Jan. 18, 2017); *Thomas, et al. v. Bayou Fox, Inc. et al.*, 1:15-cv-623-KS-GMB, Doc. 65, Order Denying MTD (M.D. Ala., May 31, 2017).

35. Defendant failed to maintain records of the hours Plaintiff was engaged in non-tipped producing activities vs. the hours engaged in tip producing activities.

36. Plaintiff was entitled to $7.25 per hour for all the time he was engaged in non-tipped duties, because such time was substantial and not occasional. Defendant should have paid Plaintiff the minimum cash wage of $7.25 for the pre- and or post-shift time, as it occurred at regularly recurring times designated by Defendant and at distinct intervals separate and not interspersed with

Plaintiff's tip producing work.

37. At all times material to this action, Defendant has been an enterprise engaged in commerce or in the production of goods or services for commerce as defined by §203(s)(1) of the FLSA.

38. Two or more of Defendant's employees are, as part of their jobs, engaged in interstate commerce or handle and/or work with goods that have moved in interstate commerce. For example, Defendant's employees utilize equipment, products, and supplies in the maintenance of the grounds, golf course, gym, pool, tennis courts, etc. and/or supplies and food products used or sold in support of Defendant's restaurant.

39. In their jobs, two or more of Defendant's employees utilize the instrumentalities of interstate commerce such as telephone, email, etc. For example, the instrumentalities of commerce were utilized to recruit a new general manager and ultimately to hire the same from his location in Georgia. Similarly, the same was used to recruit a new Events Director via the Georgia Chapter of the Club Managers Association of America.

40. The instrumentalities of commerce were and are also utilized in the maintenance of Defendant's member portal by MembersFirst located in Wayland Massachusetts, contracting with with MembersFirst, and paying MembersFirst's invoices. MembersFirst's website shows the following:



And,



321 Commonwealth Road
Wayland, MA 01778
Phone: 508-653-3399
Fax: 734-661-3399
info@membersfirst.com

41.  Two or more of Defendant's employees provide services to individuals who have traveled in interstate commerce, subsequently utilized Defendant's facilities upon arrival in Alabama, and paid Defendant guest fees associated with the use of Defendant's facilities.

42.  Defendant's website evidences the following regarding guest fees,

9

**FEES**

| CART FEES | GUEST FEES |
|---|---|
| 9 Holes Single Rider: $10.00 | 9 Holes: $60.00 |
| 18 Holes Single Rider: $20.00 | 18 Holes: $115.00 |

43.  Two or more of Defendant's employees provide services for individuals who have traveled in interstate commerce from Florida, to participate in Alabama NW Florida Golf Junior PGA tournaments hosted at Defendant's course.

44.  Defendant's annual gross volume of business exceeds $500,000.00.

45.  Defendant's gross revenues exceeded 8 million dollars throughout the liability period.

46.  Defendant's cost of goods sold, supplies, and equipment expenditures, which include items that traveled within interstate commerce before finally coming to rest at Defendant's facility, routinely exceed 2 million dollars annually.

| | | | | |
|---|---|---|---|---|
| 10a Gross sales of inventory, less returns and allowances . a | 2,314,225 | | | |
| b Less cost of goods sold . . b | 1,120,121 | | | |
| c Net income or (loss) from sales of inventory . . ▶ | | 1,194,104 | 1,194,104 | |
| Miscellaneous Revenue | Business Code | | | |
| a SUPPLIES | | | | 523,484 |
| b EQUIPMENT RENTAL/REPAI | | | | 323,131 |
| c TAXES & LICENSES | | | | 127,652 |
| d LEASES | | | | 110,876 |
| e All other expenses | | | | 242,235 |

10

47. At all times relevant to this action, Defendant is or has been an "employer" of Plaintiff as defined by §203(d) of the FLSA.

48. At all times material to this action, Plaintiff was an "employee" of Defendant, as defined by §203(e)(1) of the FLSA. He worked for Defendant within the territory of the United States within three years preceding the filing of this lawsuit.

49. The provisions set forth in §207 of the FLSA apply to Defendant, and the Plaintiff was covered by §207 of the FLSA during his employment with Defendant.

50. Plaintiff was individually engaged in interstate commerce and/or the production of goods or services for interstate commerce while working for Defendant. His interstate commerce activity included, but was not limited to, serving customers who were traveling in interstate commerce, and serving food products and beverages that originated outside the state or flowed through interstate commerce.

51. Defendant has intentionally failed and/or refused to pay Plaintiff according to the provisions of the FLSA.

52. Defendant's systems and practices relating to its invalid tip pooling/sharing arrangement, non-payment of minimum wages, and improper payment of overtime to Plaintiff all violate the requirements of the FLSA.

53. In addition to the amount of unpaid wages and benefits owed to the Plaintiff, he is also entitled to recover an additional equal amount as liquidated damages pursuant to 29 U.S.C. §216(b), and pre-judgment interest.

54. Defendant's actions in failing to properly compensate Plaintiff were willful.

55. Defendant has not made a good faith effort to comply with the FLSA.

56. Plaintiff is also entitled to an award of attorney's fees and costs pursuant to 29 U.S.C. §216(b).

## V. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

i) An order awarding damages in the amount of his unpaid compensation, plus an equal amount of liquidated damages pursuant to 29 U.S.C. §216(b), and/or prejudgment interest;

ii) An order pursuant to the Declaratory Judgment Act finding Defendant's practices illegal and in violation of the FLSA;

iii) An order awarding reasonable attorneys' fees, including the costs and expenses of this action;

iv) Such other legal and equitable relief including, but not limited to, any declaratory relief to which they may be entitled.

Dated: July 27, 2017          Respectfully submitted,

         s/ Robert J. Camp
         ROBERT J. CAMP
         rcamp@wigginschilds.com
         WIGGINS, CHILDS, PANTAZIS,
         FISHER & GOLDFARB, LLC
         The Kress Building
         301 19th Street North
         Birmingham, Alabama 35203
         (205) 314-0500
         Counsel for Plaintiff


         Counsel for Plaintiff


**PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY ON ALL ISSUES TRIABLE BY A JURY.**

         s/ Robert J. Camp
         OF COUNSEL


**The plaintiff requests this Honorable Court to serve via certified mail upon the defendant the following: Summons, Complaint.**

**Defendant's Address:**
Mountain Brook Club
c/o Lindsay Smith, Reg. Agent
19 Beachwood Rd.
Mountain Brook, AL  35213

         s/ Robert J. Camp
         OF COUNSEL